IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 1 0 2010
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| MARTHA BELL,<br>   Petitioner, | §<br>§<br>§ |
| v. | §   Civil Action No. 4:09-CV-542-Y |
| | § |
| W. ELAINE CHAPMAN, Warden,<br>FMC-Carswell,<br>   Respondent. | §<br>§<br>§ |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

### B. PARTIES

Petitioner Martha R. Bell, Reg. 05610-033, is a federal prisoner incarcerated in the Federal Medical Center in Fort Worth, Texas (FMC-Carswell).

Respondent W. Elaine Chapman is Warden of FMC-Carswell.

### C. PROCEDURAL HISTORY

Bell is serving a 60-month term of imprisonment for her conviction in the Western District of Pennsylvania for health care fraud and making false statements relating to health care matters.

(Resp't Appx. at 1) Bell's projected release date with good time credit is June 26, 2011. Bell seeks placement in a residential re-entry center (RRC), also referred to as a community corrections center (CCC) or a halfway house, under 18 U.S.C. § 3624(c). The Bureau of Prisons (BOP) denied such placement due to a Pennsylvania detainer for Bell's state convictions for involuntary manslaughter, recklessly endangering another person, and conspiracy, Bell's criminal record, and the time remaining to serve on her federal sentence. (*Id.* at 22) Bell sought administrative relief, in part, to no avail. (*Id.*) This federal habeas corpus proceeding followed.

## D. Exhaustion

Chapman has filed a motion to dismiss the petition for lack of subject matter jurisdiction and failure to exhaust prison administrative remedies. However, because Bell has been reviewed and denied early release by the BOP, her claims are ripe for adjudication and a § 2241 petition is the proper vehicle for bringing her claims. Bell requested an administrative remedy from the Warden and the Regional Director to no avail. (*Id.* at 16-17, 19, 22) To require her to further exhaust administrative remedies would more than likely be futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

## E. Discussion

Bell asserts she has been a model inmate, her unit team evaluations state she is ready for a RRC placement and transfer, and she has taken and completed all the pre-release programs. (Petition at 3) Thus, she claims she meets the criteria for immediate placement in a RRC and argues that by denying such placement the BOP has impermissibly restricted its discretion given it by Congress to consider transferring her to a RRC prior to the last 10% of her sentence, not to exceed six months, under former § 3624(c) and the federal regulations implementing it, 28 C.F.R. §§ 570.20 and 570.21.

Under former § 3624(c) and BOP policy and regulations, the BOP could exercise its discretion categorically to designate an inmate to community confinement limited to the last ten percent of the sentence being served, not to exceed six months. Bell cites to case law of other circuits holding that §§ 570.20 and 570.21 conflict with § 3621(b) as to when an inmate may be considered for placement and transfer to an RRC. In conformity with that case law, Bell requests the court order the BOP to consider her for immediate placement and transfer to a RRC without regard to §§ 570.20 and 570.21.

Under the Second Chance Act, Congress amended § 3624(c) to increase placement in a residential re-entry center (RRC) up to twelve months of the final months of an inmate's term of imprisonment, and requires the BOP to make placement decisions on an individual basis consistent with the criteria set forth in 18 U.S.C. § 3621(b). The criteria includes: the resources of the facility; the nature and circumstances of the offense; the history and characteristics of the prisoner; any statement by the court that imposed the sentence; and any pertinent policy statement issued by the Sentencing Commission. The Act further required the BOP to enact new regulations and policies consistent with the amended statute. Toward that end, the BOP rescinded its former regulations contained in C.F.R. §§ 570.20 and 570.21, issued new regulations in §§ 570.20 through 570.22, wherein the BOP adopted the five-factor criteria in § 3621(b) in determining an inmate's pre-release RRC placement eligibility on an individual basis and revised its policies to require the review of inmates by a unit team 17-19 months before their projected release date and limiting RRC placement beyond six months to inmates with unusual or extraordinary circumstances justifying such placement, provided the Regional Director concurrs. (Resp't Appx. at 9-15)

Bell's argument that the amendments to § 3624(c) do not apply to her is frivolous. (*Id.* at 15) In light of the new legislation, Bell's challenges to the older statute and regulations are rendered

moot. Whether the BOP complied with the old statute and regulations is irrelevant in addressing current compliance with the new statute. Furthermore, Bell is not eligible for early release due to the detainer lodged against her by the State of Pennsylvania. (*Id.* at 3, 22) Even if Bell were eligible, it is well settled that there is no constitutionally protected right of a convicted person to early release under § 3624. *See Wottlin v. Fleming*, 136 F.3d 1032, 1036 (5th Cir. 1998); *Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997); *Stewart v. Tombone*, No. 3:97-CV-0129-BC, 1998 WL 158657, at *3 (N.D. Tex. Mar. 24, 1998) (not designated for publication). Disqualifying Bell based on the outstanding detainer, her history of escape, and the length of time remaining on her sentence was a reasonable exercise of the Bureau's discretion, and prison officials' authority, under the current statute and the relevant regulations and policies.

## II. RECOMMENDATION

Chapman's motion for summary judgment should be granted to the extent Bell's petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 3, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify

the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until March 3, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 10, 2010.

CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE