IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARTHA BELL, | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:09-CV-542-Y |
| | § | |
| W. ELAINE CHAPMAN, Warden, | § | |
| FMC-Carswell, | § | |
|     Respondent. | § | |

ORDER ADOPTING
MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Martha Bell under 28 U.S.C. § 2241, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1.   The pleadings and record;

2.   The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on February 10, 2010;

3.   The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on February 26, 2010;

4.   The respondent's response to the written objections filed on April 1, 2010; and

5.   The petitioner's reply to the response to the written objections filed on April 6, 2010, and the petitioner's supplemental reply filed on April 13, 2010.

The Court, after **de novo** review, concludes that, for the reasons stated by the magistrate judge, Bell's objections must be overruled,[1] the respondent's motion for summary judgment must be granted, and the petition for writ of habeas corpus under 28 U.S.C.

---

[1]Bell contested, in her written objections, the magistrate judge's reference on page 4 of the findings and conclusions to her "history of escape."  As the record does not otherwise mention "escape," this is an apparent error.  But, as Bell was disqualified from eligibility for halfway-house or community (now know as "Residential Re-entry Center (RRC)) confinement on the basis of an outstanding detainer, the mistaken reference to "history of escape," is not material to the magistrate judge's findings and conclusions.  The magistrate judge's report will thus be adopted without consideration of the reference to Bell's "history of escape."

§ 2241 must be denied. As was confirmed through the filing by the government of a response to Bell's written objections, inclusive of the March 19, 2010, Declaration of Robert Blair, Bell has an outstanding detainer from the Pennsylvania Department of Corrections.[2] Under Bureau of Prisons' Program Statement 7310.04, an inmate with an unresolved detainer is not ordinarily eligible for participation in community, or RRC confinement.  Thus, as noted in the magistrate judge's report, the decision not to deem Bell eligible for RRC participation is a reasonable exercise of the Bureau's discretion.

Bell has also filed motions for class certification and for appointment of counsel, with a supplement thereto. As Bell is not eligible for RRC program participation and her petition under § 2241 must be denied, there is no basis for appointment of counsel or for consideration of her as a representative of a class of other inmates. Thus, these motions will be denied.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED, as modified herein.

Bell's motions for class certification and for appointment of counsel (docket no. 17), as supplemented (docket no. 22), are DENIED.

---

[2]The detainer apparently results from the determination of the Pennsylvania Court of Common Pleas, in *Commonwealth of Pennsylvania v. Bell,* CC No. 200405045, that Bell's sentence imposed in that proceeding is to run consecutive to her federal sentence. (November 20, 2009, Appendix to Motion for Summary Judgment at 23 (September 19, 2008, Letter from Pennsylvania Judge David Cashman to FMC Carswell, attached to October 16, 2009, Declaration of Alberto Munguia)).

The respondent's motion for summary judgment (docket no. 5) is GRANTED.

Martha Bell's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

SIGNED April 22, 2010.


_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE